# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL NORWOOD,<br><br>    Petitioner,<br><br>    v.<br><br>D.K. WILLIAMS,<br><br>    Respondent. | Civil Action No. 18-874 (RBK)<br><br>**OPINION AND ORDER** |

Before the Court are Petitioner's motion to lift the stay and for an answer, (ECF No. 16), and motion to amend the petition, (ECF No. 12). In an earlier Order, the Court stayed this matter pending the resolution of restitution related motions in Petitioner's criminal case, Crim. No. 96-232. Petitioner raised identical restitution related claims in both his criminal case and the instant matter.

This Court recently resolved the motions in Petitioner's criminal case. Consequently, the Court will lift the stay and order Petitioner to show cause as to why the Court should not dismiss the Petition for substantially the same reasons set forth in the Court's earlier Opinion, in Petitioner's criminal case. (Crim. No. 96-232, ECF Nos. 234, 235). Additionally, the Court will direct Respondent to submit supplemental briefing on any jurisdictional arguments he wishes to pursue, as stated in his earlier letter. (ECF No. 9, at 2).

Turning then to Petitioner's motion to amend, Petitioner seeks to amend his Petition to add claims that challenge his sentence. He contends that this Court improperly sentenced him under the Armed Career Criminal Act, in light of recent Supreme Court cases. Petitioner alleges that he can bring such claims through the savings clause and 28 U.S.C. § 2241. In contrast, the instant

Petition raises only restitution related claims and does not challenge the fact or duration of his confinement.[1] (ECF No. 1).

Generally, under § 2241, a prisoner challenging his confinement must file his petition in his district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "Under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians 'within their respective jurisdictions.'" *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C § 2241(a)).

With those principles in mind, Petitioner's custodian, the person capable of effecting his release, is the warden of FCI Danbury, who is within the jurisdiction of the District of Connecticut. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). Accordingly, this Court lacks jurisdiction under § 2241 to hear the claims in Petitioner's motion to amend. As a result, the Court will deny the motion to amend without prejudice to the filing of a new petition, in Petitioner's district of confinement.

THEREFORE, IT IS on this __9th__ day of April 2020,

**ORDERED** that Petitioner's motion to lift the stay and for an answer (ECF No. 16) is GRANTED IN PART; and it is further

**ORDERED** that the stay in this case is LIFTED; and it is further

**ORDERED** that Petitioner shall SHOW CAUSE within twenty-one (21) days, as to why the Court should not dismiss this matter for substantially the same reasons set forth in the Court's February 18, 2020, Opinion, in Petitioner's criminal case (Crim. No. 96-232, ECF Nos. 234, 235); and it is further

---

[1] Because the instant Petition challenged only the restitution aspect of his sentence, the United States District Court for the District of Connecticut transferred the Petition to our District.

**ORDERED** that Respondent shall submit supplemental briefing, with regard to his jurisdictional arguments, or a letter stating that he does not wish to pursue such arguments, within twenty-one (21) days; and it is further

**ORDERED** that Petitioner's motion to amend the petition (ECF No. 12) is DENIED WITHOUT PREJUDICE to the filing of a new petition, *in Petitioner's district of confinement*; and it is further

**ORDERED** that the Clerk shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

<u>**s/Robert B. Kugler**</u>
ROBERT B. KUGLER
United States District Judge