UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL NORWOOD,                          :
                                          :
              Petitioner,                 :        Civ. No. 18-874 (RBK)
                                          :
        v.                                :
                                          :
D.K. WILLIAMS,                            :        **OPINION**
                                          :
              Respondent.                 :
                                          :

**ROBERT B. KUGLER, U.S.D.J.**

I.      INTRODUCTION

Petitioner, Michael Norwood ("Petitioner" or "Norwood"), is a federal prisoner

proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner seeks an amended judgment to the restitution portion of his federal criminal judgment

that will terminate his owed restitution. (*See* ECF 1 at 9). Respondent argues that Petitioner's

habeas petition is now moot. (*See* ECF 35). For the following reasons, this Court agrees with

Respondent such that Petitioner's habeas petition will be denied as moot.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner committed a bank robbery in New Jersey in April, 1996 and was charged with

several federal crimes. *See United States v. Norwood*, 49 F.4th 189, 197 (3d Cir. 2022). He was

convicted on all counts and sentenced on May 30, 1997. *See id.* Most relevant to this action,

Plaintiff's sentence included an order for restitution in the amount of $19,562.87. *See id.*

In June, 2016, the United States sought the release of funds from Petitioner's prisoner

inmate account to help pay off his restitution. (*See* Crim. No. 18-236 ECF 211). Ultimately, in

September, 2022, the United States Court of Appeals for the Third Circuit determined that

authorizing the release of funds from Petitioner's prisoner trust account would violate the Ex

Post Facto Clause. *See Norwood*, 49 F.4th at 220.  In accordance with the Third Circuit's opinion

and judgment, on February 28, 2023, this Court amended Petitioner's criminal judgment to

reflect that Petitioner's obligation to make any further restitution payments ended on May 30,

2017 and that Petitioner was no longer required to pay any further restitution. (*See* Crim. No. 96-

232 ECF 306 at 6). Additionally, the United States has been ordered to refund money taken from

Petitioner's prisoner trust account for restitution since May 30, 2017. (*See id.* ECF 297, 304 &

310).

Considering Petitioner's proceedings in his federal criminal matter, on March 15, 2023,

this Court ordered the parties to file any supplemental briefs in this federal habeas action to

address whether there were any outstanding issues to resolve in this civil habeas case. On April

26, 2023, Respondent filed a response indicating that this Court should deny Petitioner's habeas

petition as moot given this Court's orders in his criminal action. (*See* ECF 35). Petitioner did not

file a response to Respondent's supplemental letter.

### III.    DISCUSSION

Respondent argues that this case is now moot in light of this Court's orders in Petitioner's

underlying federal criminal case which amended the criminal judgment to reflect that Petitioner

no longer owes any restitution as of May 30, 2017, and additional orders that the government

return to Petitioner any money that was taken from Petitioner's prisoner trust account to pay

restitution after May 30, 2017. For the following reasons, this Court agrees with Respondent's

position.

Article III of the United States Constitution permits a federal court to adjudicate "'only

actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009)

(quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). The case or controversy requirement requires the parties to have a personal stake in the outcome throughout the judicial proceedings. *See id.* (quoting *Lewis*, 494 U.S. at 477–478). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477))).

Petitioner no longer has a personal stake in the outcome of this *habeas* proceeding given this Court's amended judgment and subsequent orders in his underlying federal criminal action before this Court eliminating restitution and ordering any amount paid to the government by Petitioner for restitution after May 30, 2017 to be returned to Petitioner. Thus, his habeas petition is now moot.

### IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is denied as moot. An appropriate order will be entered.

DATED: July 12, 2023                                    s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge